IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION

_____
                                )
FRANCOIS JOHNSON,               )
                                )
     Plaintiff,                 )
                                )           No. 12-2748-JTF-dkv
vs.                             )
                                )
CARGILL, INC. et al.,           )
                                )
     Defendants.                )
                                )
_____

            REPORT AND RECOMMENDATION OF *SUA SPONTE* DISMISSAL
_____

On August 30, 2012, the plaintiff, Francois Johnson ("Johnson"), filed a *pro se* complaint against the defendants, Cargill, Inc., Barry Brandstetter, Sean Kratzer, Jared Brugman, and Tricie Seawright. The complaint alleges "Discriminatory Practice, Harassment, Retaliation, and an hostile working environment, [and] unfair drug screening practice" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; the Tennessee Human Rights Act; the Fifth, Eighth and Fourteenth Amendments of the United States Constitution; and 28 U.S.C. § 1331." (Compl., D.E. 1 at 1.). Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (Mot., D.E. 2). On September 14, 2012, the court issued an order granting Johnson leave to proceed *in forma pauperis*, (Order, D.E. 3), and referred the case to the *pro se*

1

staff attorney for screening. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Reference, D.E. 4.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

The allegations in Johnson's complaint stem from his lengthy employment, beginning in 1995, with the defendant, Cargill, Inc. ("Cargill"). According to the complaint, on or about June 3, 2011, plant manager Sean Kratzer ("Kratzer") sent Johnson "a notice to report back to work within five days of receiving a return-to-work notice." (Compl., D.E. 1 at 1.). Upon returning to work, Johnson was required to take a drug test and was sent home from work until Cargill received the results of the test. (*Id*.) Johnson further alleges that on or about July 20, 2011, he received "a bad evaluation" from Cargill and that from that time until about October 12, 2011, he was harassed by Kratzer and production supervisor Tricie Seawright ("Seawright"). (*Id*.) Additionally, Johnson alleges that he was denied the opportunity to "cross train" between the period of August 22, 2011, and September 8, 2011. (*Id*.)

The complaint further alleges that on August 21, 2011, during a morning meeting run by Kratzer, there was an

altercation between Johnson and Kratzer. Johnson alleges that Kratzer refused to hear his complaints about Seawright's aggressiveness towards him and that in so refusing, Kratzer violated the company policy on violence in the workplace. The complaint alleges that, following the altercation at the meeting, Johnson went to Kratzer's office and inquired further about Kratzer's refusal to hear his allegations regarding Seawright. According to the complaint, it was at this time that Johnson informed Kratzer that he planned "to report" both Kratzer and Seawright. (*Id*. at 2.) Indeed, Johnson subsequently filed a grievance, presumably internally at Cargill, against Kratzer and Seawright. Johnson alleges that, following the filing of his grievance, Kratzer and a supervisor by the name of Jared Brugman ("Brugman") each requested, on separate occasions, that Johnson put into writing a description of the incident or incidents involving Seawright, which were the subject of Johnson's grievance.

In his complaint, Johnson alleges that he filed a charge of discrimination with the EEOC regarding these events (No. 490-2012-01180) (hereinafter "the 2012 EEOC charge") on March 16, 2012, and received a right-to-sue notice on May 30, 2012. Attached to his complaint is a copy of his 2012 EEOC charge in which he marked retaliation as the basis for his discrimination charge. The EEOC charge also indicates that the earliest date

3

the discrimination took place was July 20, 2011 and the latest date was October 12, 2011. He did not check the box on the EEOC charge for "continuing action" but in his statement of particulars in his charge and in his complaint, he put "I also feel like I am being harassed on a constant basis." (*Id*. at 1, 3.)

Johnson further claims he is being retaliated against "for filing a previous charge with the Commission (490-2011-00833)" ("the previous EEOC charge"). (*Id*. at 3.) After receiving a right-to-sue letter on the previous EEOC charge, Johnson, proceeding *pro se*, filed a Title VII lawsuit in federal court alleging race, sex, and retaliation discrimination and naming as defendants Cargill, Barry Brandstetter, Sean Kratzer, and Todd Anderson. (*See Johnson v. Cargill, Inc. et al.*, No. 11-2967-SHM/cgc (W.D.Tenn. Oct. 31, 2011)(ECF No. 1). By order dated November 28, 2011, the presiding judge in that case, United States District Judge Samuel H. Mays, dismissed the Title VII claims against Brandstetter, Anderson and Kratzer for failure to state a claim on which relief can be granted and later, on September 12, 2012, dismissed the entire case.

Indeed, the present case is the fourth Title VII case Johnson has filed against Cargill and individual defendants in the last five years. In addition to the two cases already mentioned, Johnson filed a *pro se* complaint against Cargill, Brandstetter,

4

Anderson, Chris Stansbury and Tim Adams on February 5, 2010, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; the Tennessee Human Rights Act; the Fifth, Eighth and Fourteenth Amendments of the United States Constitution; and 28 U.S.C. § 1331." (*See Johnson v. Cargill, Inc. et al.*, No. 10-2084-JPM/dkv (W.D.Tenn. Feb. 5, 2010) On April 16, 2010, the presiding judge in that case, U.S. District Judge Jon P. McCalla, dismissed the Title VII claims against the individual defendants and the constitutional claims and § 1983 claims against all the defendants for failure to state a claim. On March 18, 2003, Judge McCalla granted Cargill's renewed motion for summary judgment, dismissed the case in its entirety, and certified an appeal would not be taken in good faith.

In the first case filed by Johnson, he and eight other employees of Cargill filed a joint *pro se* Title VII complaint against Cargill and Martin Crowder, Tim Campbell, Joe Sparks and Amanda Jordan, managers and supervisors at Cargill, alleging that Cargill discriminated against them on the basis of their race by requiring them to work in asbestos-contaminated areas and retaliated against them for complaining about alleged discrimination to the EEOC. (*See Johnson v. Cargill, Inc. et al.*, No. 08-2052-STA/dkv (W.D.Tenn. Jan. 29, 2008.) The claims of each plaintiff were severed into separate lawsuits. On April 21, 2008, the presiding judge in that case at that time, U.S.

District Judge J. Daniel Breen, dismissed the Title VII claims against the individual defendants, and on March 17, 2010, the presiding judge at that time, Judge S. Thomas Anderson granted Cargill's motion for summary judgment, dismissed the case in its entirety and certified an appeal would not be taken in good faith.

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 USC 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The Clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This report and recommendation will constitute the court's screening.

### B. Standard of Review for Failure to State a Claim

In assessing whether the complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8*(a)(2). "A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to

7

understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)(citation omitted)(internal quotation marks omitted). "Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se

litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. The Title VII Claims

   *1.   Johnson's Claims against the Individual Defendants*

Johnson purports to raise Title VII discrimination claims against the four individual defendants in this case. However, there is no remedy under Title VII against a coworker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). For that reason, the court recommends dismissal of all the Title VII claims against the defendants, Barry Brandstetter, Sean Kratzer, Jared Brugman, and Tricie Seawright, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

   *2.   Johnson's Retaliation Claim Against Cargill*

Johnson alleges that Cargill has retaliated against for him for filing a previous charge of discrimination with the EEOC. Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), provides the following:

9

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

In order to set forth a prima facie case for retaliation, a plaintiff must demonstrate that: (1) he engaged in an activity protected by Title VII; (2) the defendant knew the plaintiff engaged in protected activity; (3) the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997)(citing *Wrenn v. Gould,* 808 F.2d 493, 500 (6th Cir. 1987)). Title VII-protected activity includes opposing a practice made unlawful by Title VII or filing a charge, testifying, assisting, or participating in a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a). In order to establish a causal connection between a plaintiff's protected activity and the challenged action, the plaintiff must "proffer evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Avery Dennison Corp.*, 104 F.3d at 861 (citing *Zanders v. Nat'l R.R. Passenger Corp.,* 898 F.2d 1127, 1135 (6th Cir. 1990)).

Johnson states in his discrimination charge that he believes he was "discriminated against in retaliation for filing a previous charge" with the EEOC. Johnson filed the previous charge in January of 2011, and the EEOC issued a determination on June 29, 2011, stating that it was unable to determine that the information he had provided in his charge established violations of the statute. Johnson then filed suit based on the previous EEOC charge in federal district court on October 31, 2011. (*See Johnson v. Cargill*, Inc. et al., No. 11-2967-SHM/cgc (W.D.Tenn. Oct. 31, 2011)(ECF No. 1).

In the present lawsuit, Johnson alleges that after filing the previous EEOC charge in January of 2011, he received a bad evaluation from Cargill in July of 2011, some six months later, he was constantly harassed by Kratzer and Seawright from that time on until October 2011, and he was denied the opportunity to "cross train" between the period of August 22, 2011, and September 8, 2011. Johnson alleges that these actions were adverse and taken as a result of his previously filed EEOC charge.

Johnson's complaint contains no factual basis demonstrating that he suffered an adverse employment action for which Cargill should be held liable. His claim for denial of "the opportunity to cross train" consisted of one statement, repeated twice: "From about August 22, 2011, to about September

11

8, 2011, I was denied the opportunity to cross train." (Compl. D.E. 1 at 1, 2.) He does not allege that he made a request for training that was refused or that he was qualified for the training. His complaint about the bad evaluation consisted of one conclusory statement: "On or about July 20, 2011, I was given a bad evaluation by the above mentioned named company." (*Id*. at 1.) Johnson does not state that the "bad evaluation" had any effect on his position or pay. He doesn't even describe the nature of or the basis for the "bad evaluation," for example, whether it was based on excessive absenteeism or tardiness, or work performance. Johnson has also failed to allege that any discrete actions that would constitute harassment. The only incident described by Johnson in his complaint consists of a confrontation between him and a co-worker who is a production supervisor, Ms. Tricie Seawright, about being "loud" and in his "space," his report to Kratzer, a manager, about the incident, and his displeasure in the way the incident was handled and investigated by the company. Johnson's description of this incident and his generalized and conclusory allegation that "I also feel like I am being harassed on a constant basis" do not amount to any adverse employment action. Johnson has failed to allege any facts showing that his work environment was so permeated with discrimination that it

interfered with his job performance so as to constitute a hostile work environment.

Even assuming that these actions constitute "adverse employment actions" for the purpose of a retaliation claim, Johnson does not offer any evidence of a causal connection between the filing of his previous EEOC charge and the allegedly adverse employment actions. Other than the timing of the filing of the previous EEOC charge in January 2011 and the date of the bad evaluation and beginning of the alleged harassment in July of 2011 and the denial of an opportunity to cross train in August of 2011, Johnson does not offer any evidence otherwise linking the two. "Closeness in time is one indicator of a causal connection." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 494 (6th Cir. 2010). It is well established, however, that "temporal proximity, standing alone, is not enough to establish a causal connection for a retaliation claim." *Id*. (citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007)). "Nonetheless, there are circumstances in which temporal proximity, when combined with other evidence of retaliatory conduct, is enough to establish causal connection, such as when the plaintiff can 'show that he was treated differently from other employees.'" *Id*. (quoting *Tuttle*, 474 F.3d at 321). There is no such additional evidence here. "Subjective beliefs, without affirmative evidence, are insufficient to establish a

claim of retaliation." *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 491 (6th Cir. 2006). It is therefore recommended that Johnson's retaliation claim against Cargill be dismissed for failure to state a claim because he has not alleged facts from which the court can infer the essential elements of such a claim.

D. <u>Johnson's Claims under the Fifth, Eighth, and 14th Amendment to the U.S. Constitution</u>

Johnson's complaint does not state a valid claim against any of the defendants under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. At best, it appears that Johnson is attempting to state a claims under 42 U.S.C. § 1983, which provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law, but even construed as such, Johnson fails to state a viable claim under § 1983. "A § 1983 plaintiff may not sue purely private individuals." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). "In order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The actions of Cargill, a private corporation, and the actions of its three employees, private individuals, are not attributable to the state. Accordingly, it is recommended that Johnson's claim under the Fifth, Eighth, and Fourteenth

Amendments to the U.S. Constitution and any claim under 42 U.S.C. § 1983 be dismissed for failure to state a claim.

E.  Imposition of Prefiling Restrictions Against Johnson

This is the fourth case in which Johnson has filed Title VII claims against individual employees of Cargill. In each of the three prior cases, the claims were dismissed because the individuals were not his "employer" as defined in Title VII. The court can act to protect federal court and other parties from harassing and vexatious litigation. *Futernick v. Sumpter Tp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Feathers v. Chevron U.S.A., Inc.*, 141 F..3d 264, 269 (6th Cir. 1998)("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.") It is recommended that Johnson not be allowed to file any further Title VII lawsuits against individual employees of Cargill, that any complaints filed by Johnson under Title VII against individual employees of Cargill be summarily dismissed, that a monetary fine be imposed on Johnson for doing so, and that he not be allowed to commence any other lawsuit in this district unless he pays the monetary fine.

III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed for failure to state a claim on which relief can be

15

granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and prefiling restrictions be imposed on Johnson.

Respectfully submitted this 23rd day of July, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.