IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FRANCOIS JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:12-cv-02748-JTF-dkv |
| CARGILL, INC. et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff Francois Johnson's Complaint, alleging discriminatory practice, harassment, retaliation, hostile work environment, and unfair drug screening practice, pursuant to "Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, 42 U.S.C. 1981, Tennessee Human Rights Act, Fifth, Eight and Fourteenth Amendment of the Constitution and 28 U.S.C. 1331," filed on August 30, 2012. (D.E. #1, at 1). On June 4, 2013, this Court entered an Order Referring this case to the Magistrate Judge for determination of all pretrial matters, pursuant to 28 U.S.C. § 636(b)(1)(A), and all other pretrial matters for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). (D.E. #4). On July 23, 2013, the Magistrate Judge entered a Report and Recommendation, recommending that this case be dismissed *sua sponte* for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and prefiling restrictions be imposed on Johnson. (D.E. #6). On August 7, 2013, Plaintiff filed his Objections to the Magistrate's Report and Recommendation. (D.E. #7).

1

After reviewing the Magistrate's Report and Recommendation, Plaintiff's Objections, and the entire record, this Court finds that Magistrate's Report and Recommendation should be adopted in part and rejected in part. Thus, Plaintiff's Complaint is DISMISSED in PART.

## I.     BACKGROUND

This Court adopts and incorporates the thorough analysis of Plaintiff's facts that the Magistrate Judge summarized in her Proposed Findings of Fact in the Report and Recommendation. *See* D.E. #6, at 2-6.

## II.    LEGAL STANDARD

### A. Standard for District Judge's Review of a Report and Recommendation

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination'

Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

B.  **Standard for Motion to Dismiss**

When assessing a plaintiff's claim at the motion-to-dismiss stage, the Sixth Circuit has stated that the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). A complaint need not have specific facts, it need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)). However, the courts have also emphasized that the complaint must raise more than labels, conclusions, or a "formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The threshold inquiry in determining if the moving party is entitled to dismissal is whether the plaintiff has "provided the 'grounds' of his entitle[ment] to relief." *Bell Atlantic Corp.*, 550 U.S. 555.

A complaint can survive a motion to dismiss if it contains "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the plaintiff provides enough factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As the *Iqbal* Court explains, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 679. If the complaint merely pleads facts that are parallel to the defendant's liability, then the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id* at 678 (quoting *Bell Atlantic Corp.*, at 557).

3

## III. ANALYSIS

The Magistrate recommended that: (1) Plaintiff's Title VII claims against the individual Defendants Barry Brandstetter, Sean Kratzer, Jared Brugman, and Tricie Seawright should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (2) Plaintiff's retaliation claim under Title VII against Defendant Cargill, Inc. should be dismissed for failure to state a claim; (3) Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments should be dismissed; and (4) An imposition of prefiling restrictions should be placed on Plaintiff. Plaintiff filed his Objections to the Magistrate's Report and Recommendation on August 7, 2013. (D.E. #7).

First, Plaintiff argues that he was retaliated against for being a whistleblower and because of his previously filed EEOC charges and cases against Defendants. Second, Plaintiff contends that Defendants retaliated against him by: (1) making him take a drug test and forcing him to stay home pending the results, which resulted $1,000 loss in his pay; (2) giving him an unsatisfactory job evaluation; (3) assigning him to a different job and replacing him with temporary employees; and (4) denying him the ability to cross train in a higher paying job; Third, Plaintiff argues that he should not be held to the same standards of a "schooled attorney." Chiefly, he argues he was unaware that during the complaint stage of the pleadings that he had to provide documentation of Defendants' alleged retaliation and harassment. Last, Plaintiff maintains that the Magistrate's recommendation of prefiling restrictions should not be adopted because he is was only acting on his First Amendment rights and his right to access the courts.

Based on the pleading standard at the motion-to-dismiss stage, this Court ADOPTS that the Magistrate's findings that: (1) Plaintiff's Title VII claims against individual Defendants should be dismissed; (2) Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendment should be dismissed; and (3) prefiling restrictions should be imposed against Plaintiff. However,

4

this Court REJECTS the Magistrate's findings that Plaintiff's retaliation claim against Defendant should be dismissed.[1]

> **A. Magistrate Judge properly recommended that Plaintiff's Title VII Claims Against Individual Employees and Fifth, Eighth, and Fourteenth Amendment Claims Should be Dismissed**

In her Report and Recommendation, the Magistrate recommends the dismissal of the Title VII claims against the individual Defendants for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and also the dismissal of Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims. In his Objections, Plaintiff generally argues that *pro se* complaints and complainants should be held to a less stringent standard. Plaintiff is correct. However, as the Magistrate properly stated, "pro se litigants . . . are not exempt from the requirements of the [Fed. R. Civ. P.]." (D.E. #6, at 8). Therefore, although this Court is allowed to liberally construe Plaintiff's claims, the court is not to create plausible claims for Plaintiff. Additionally, each of Plaintiff's claims, which have been previously litigated on several circumstances within this district, has failed to provide plausible claims for which relief could be granted. Even when Plaintiff's Objections are taken in tandem with his Complaint, Plaintiff's claims do not have facial plausibility. Therefore, based on the Magistrate's analysis in her Report and Recommendation, this Court ADOPTS the Magistrate Judge's findings regarding the two claims above.

---

[1] This Court acknowledges that Plaintiff has also alleged claims pursuant to the Tennessee Human Rights Act, 42 U.S.C. §1981, and 28 U.S.C. §1331. Although these claims were not addressed in the Report and Recommendation, the Court believes that the Magistrate Judge's analysis for claims (1)-(2) can and should be adopted for these claims as well. Additionally, because Plaintiff has alleged the same or similar claims against Defendants, the Court does not find it necessary to address the above claims, which have already been analyzed and dismissed in Plaintiff's previously filed suits.

### B. Magistrate Judge properly recommended that Prefiling Restrictions Should be Imposed on Plaintiff

This Court also believes that the Magistrate's findings that prefiling restrictions should be imposed against Plaintiff should be adopted. The Magistrate recommended that: (1) Plaintiff should not be allowed to file any further Title VII lawsuits against individual employees of Defendant; (2) any complaints filed by Plaintiff under Title VII against individual employees should be dismissed; (3) a monetary fine should be imposed on Plaintiff for his fourth filing; and (4) Plaintiff should not be allowed to commence any other lawsuit in this district unless he pays the monetary fine. This is Plaintiff's fourth filed complaint that alleges Title VII claims against individual employees of Defendant Cargill, Inc. Similar to the previously filed cases, the Magistrate Judge properly finds that the individual employees Plaintiff names in his allegations are not his "employer" as defined by Title VII.

Plaintiff argues that the prefiling restrictions should not be imposed against him because "[t]he vexatious litigant statutes were created to curb [misuse] of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously [determined] against them." (D.E. #7, at 9). Plaintiff goes on further to state that he is "only acting on the 1st Amendment of the United States Constitution decree. To have access to the courts. And have not shown any misconduct, or incomprehensible pleadings." (D.E. #7, at 10). However, Plaintiff has done just that. Plaintiff has exhibited misconduct by repeatedly filing the same or similar unsuccessful claims against individual employees of Defendant.[2] Therefore, based on the Magistrate's analysis of Plaintiff's current and previously filed claims,

---

[2] The Court would also like to note that since the filing of the Magistrate's Report and Recommendation, Plaintiff has filed yet another Title VII case against Defendants. *See Johnson v. Cargill, Inc. et al.*, 2:13-cv-03016-JTF-dkv.

this Court ADOPTS the Magistrate Judge's recommendation that prefiling restrictions be imposed upon Plaintiff.

### C. Magistrate Judge Improperly Recommended that Plaintiff's Title VII Retaliation Claims Should be Dismissed

The Magistrate Judge recommends that Plaintiff's retaliation claim should be dismissed for failure to state a claim because he does not allege facts from which the court could infer essential elements of a retaliation claim. In Plaintiff's Complaint, he alleges that he was retaliated against because of his previously filed EEOC charges against Defendant and individual employees. He alleges that he was retaliated against by: (1) being treated differently than other employees during a drug test screening; (2) receiving a bad evaluation; (3) being harassed by upper level employees; and (4) being denied the opportunity to cross train to an upper level position. Based upon the prima facie case for retaliation, the Magistrate states that: (1) Plaintiff's complaint encompasses "no factual basis demonstrating that he suffered an adverse employment action for which [Defendant] should be held liable" (D.E. #6, at 11); (2) Plaintiff has failed to "allege any facts showing that his work environment was so permeated with discrimination that it interfered with his job performance so as to constitute a hostile work environment" (D.E. #6, at 12-13); and (3) Plaintiff has not offered "any evidence of a causal connection between the filing of his previous EEOC charge and the allegedly adverse employment actions" (D.E. #6, at 13).

In his Objections, Plaintiff again emphasizes that he should not be held to the same standards as a "schooled attorney." Plaintiff argues that he "did not know at this stage in the process [he] had to provide exhibits of proof in the pleading process." (D.E. #7, at 3). Plaintiff then goes on to explain that he was retaliated against, not only because of his previously filed

EEOC charges, but also because he was a whistleblower.[3] Plaintiff argues that it was after he became a whistleblower that he was harassed and retaliated against by the bad evaluations, etc. In his EEOC charge and his Complaint, Plaintiff only alleges that Defendants' retaliation stems from his previously filed EEOC charges. However, Plaintiff raises new allegations in his Objections that Defendants' retaliation also stems from his whistleblowing. Plaintiff cannot at this stage, without filing or requesting leave of court to file an amended complaint, allege new facts or new arguments in the objections. *See Kinder v. Northwestern Bank*, 2012 WL 2886701, at *1 (W.D. Mich. Jul. 13, 2012)("Although [28 U.S.C. § 636] requires this Court to review objections de novo, it does not allow parties to raise, in their objections, new arguments or issues that were not presented to the magistrate judge.") Therefore, although the Court acknowledges Plaintiff's Objection based on the new allegation of retaliation for whistleblowing, this Court cannot consider the new allegation.

In order to establish a prima facie case of retaliation, a plaintiff must prove that: (1) he engaged in a protected activity; (2) employer was aware that he (the plaintiff) exercised this protected activity; (3) employer took adverse employment action against the plaintiff because of the protected activity; and (4) a causal connection exists between him exercising the protected activity and suffering an adverse employment action. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). At the motion-to-dismiss stage, the plaintiff must simply

---

[3] Specifically, Plaintiff states that:

> On March 19, 2011 Plaintiff reported a company Zero Tolerance Policy violation on Defendant's Sean Kratzer and Ms. Tricie Seawright, for failing to follow the process of calling their superiors for permission to file a critical bypass permit which is set into place to keep employees and company property explosion proof. This was when plaintiff became [ ] involved in the investigation of the two(2) informed the Union, became a whistleblower on the plant management team, and an investigation was launched on Kratzer and Seawright.

(D.E. #7, at 4).

provide evidence of facial plausibility. Therefore, this Court must determine whether Plaintiff's claims that Defendant retaliated against him because of his previously filed EEOC charges.

The Sixth Circuit has stated that a broad reading of an EEOC charge is appropriate when "a plaintiff clearly sets forth a retaliation claim in the narrative of the EEOC charge such that both the defendant and the EEOC were on notice of the plaintiff's retaliation claim." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010). Here, when a broad reading is imposed on Plaintiff's EEOC charge of retaliation and the elements of Plaintiff's retaliation claim, it is evident that Plaintiff's retaliation claim rises to the plausibility standard.

Plaintiff alleges that: (1) he was engaged in a protected activity, i.e. his filing of EEOC charges against Defendant Cargill; (2) Defendant was aware of his exercising the protected activity; (3) Defendant took adverse employment actions against him by giving him bad evaluations, sending him home pending drug test results, denying him the ability to cross train, amongst other things; and (4) the retaliation he suffered was a direct cause of his previously filed EEOC charges. Although the findings in the Report and Recommendation suggest that Plaintiff's allegations are "generalized" and "conclusory," this Court find Plaintiff's allegations to be enough to provide facial plausibility. Plaintiff's allegations of Defendant's misconduct and subsequent retaliation allow this Court to "draw the necessary inference from the factual material" to satisfy the plausibility standard. *Keys*, 684 F.3d at 610. Therefore, this Court REJECTS the Magistrate's findings, recommending that Plaintiff's retaliation claims against Defendant be dismissed.

### IV. CONCLUSION

After reviewing the entire Record, this Court hereby ADOPTS in part and REJECTS in part the Magistrate Judge's Report and Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Title VII claims against individual Defendants and Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims are hereby DISMISSED.

IT IS FURTHER ORDERED that the prefiling restrictions recommended by the Magistrate Judge in her Report and Recommendation are hereby imposed on Plaintiff. A monetary fine of $100 shall be imposed on Plaintiff for filing any further Title VII lawsuits against individual employees of Defendant Cargill, Inc., and any such Title VII lawsuits shall be summarily dismissed.

IT IS SO ORDERED this 19th day of March, 2014.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge