IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FRANCOIS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:12-cv-02748-JTF-dkv |
| CARGILL, INC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S REQUEST TO AMEND CIVIL COMPLAINT PURSUANT TO RULE 15(c) OF CIVIL PROCEDURE**

Before the Court is Plaintiff Francois Johnson's *pro se* Request to Amend Civil Complaint Pursuant to Rule 15(c) of Civil Procedure. (ECF No. 10). On June 4, 2013, this Court referred all pretrial matters within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination; and all other pretrial matters for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B-C). (ECF No. 4). On July 9, 2014, the Magistrate Judge issued her Report and Recommendation that Plaintiff's Request be denied. (ECF No. 20). Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on July 25, 2014. (ECF No. 21).

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be rejected and Plaintiff's Request to amend the Complaint be GRANTED for the additional whistleblowing claim.

## I. FACTUAL HISTORY

Plaintiff's objection recites the facts found in the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 20 at 2-5). The Court notes one distinction however, the Magistrate Judge found that Plaintiff missed out on a total of fifteen hours of work, (ECF No. 20 at 4), while Plaintiff contends it was fifteen hours per day for a four day period, (ECF No. 21 at 3).

## II. STANDARD OF REVIEW

### A. Standard for District Judge's Review of a Report and Recommendation

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

### B. Standard for Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides for a dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This allows the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (emphasis added) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations as true and construe them in light most favorable to Plaintiff, "and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *United States v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (first alteration in original) (quoting *Twombly*, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, a plaintiff's "[]bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the . . . court to draw on its experience and common sense." *Id.* at 663-64 (citing *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

**A. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation, the Magistrate Judge screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) as it states new facts and a new cause of action for whistleblower activity. (ECF No. 20 at 2-3). The Magistrate Judge determined that Plaintiff's new facts and claim failed to state a claim upon which relief may be granted. (ECF No. 20 at 5). Therefore, the Magistrate Judge's proposed conclusions of law recommended the Plaintiff's new claim for whistleblowing and facts regarding the drug screening be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 20 at 7-10). Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

1. <u>Johnson's New Retaliation Claims Set Forth in His Amended Complaint</u>

The Magistrate Judge concluded that Plaintiff was time-barred from litigating his new retaliation/whistleblowing claim by the Title VII statute of limitations under *Tate v. United Servs. Assocs., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003), which disallows a prior complaint to toll the statute of limitations. As such, the Magistrate Judge found that any new filings were time-barred after August 28, 2012.

2. <u>Johnson's Additional Claims Stemming from Cargill's Drug Test Policies</u>

The Magistrate Judge concludes that Plaintiff's additional facts regarding Defendant's drug testing policies are barred for failure to exhaust administrative remedies. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).

**B. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

Plaintiff's Objection primarily recites facts for whistleblowing that are already found within Plaintiff's Request. (ECF Nos. 10, 21). This Court, however, finds the facts within the

Request sufficient to allow Plaintiff to both amend his Complaint and allow the claim to relate back to the original filing date. This Court should freely allow amendments before trial "when justice so requires." Fed. R. Civ. P. 15(a)(2). Similar to Plaintiff's retaliation claim under Section 1983, his whistleblower claim charges the Defendant with retaliating against Plaintiff for exercising a protected activity. As such, this Court finds that the amendment relates back to the original filing date, as the "amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence" that Plaintiff attempted to set out in his original pleading. Fed. R. Civ. P. 15(c)(B); *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 516 (6th Cir. 2007) ("Rule [15(c)] also must be interpreted in light of the 'fundamental tenor of the Rules,' which 'is one of liberality rather than technicality.'" (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 247 (6th Cir. 2000))). Fed. R. Civ. P. 15(c)(B) is "'based on the notion that once litigation involving particular conduct . . . has been instituted, the parties are not entitled to the protection of the statute of limitations against'" that arising out of the same conduct. *Cmty. Health Sys.*, 501 F.3d at 516 (quoting *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1997)); (ECF No. 1) (Plaintiff's original Complaint lays out the same "adverse" actions that could conclude a retaliatory or whistleblowing cause of action.).[1] With Plaintiff's original filing date of August 30, 2012 as timely,[2] Plaintiff's claims are timely. Additionally, the Court finds no prejudice on

---

[1] Although the Sixth Circuit has held that "[t]he filing of a prior complaint does not toll the ninety-day period" in the context of filing a successive complaint, Plaintiff seeks to amend his original Complaint pursuant to Fed. R. Civ. P. 15(c) and not to file a successive complaint. *Tate v. United Serves. Assocs., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003) (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)).

[2] Title VII of the Civil Rights requires that a civil action be commenced within ninety days after receipt of a right to sue notice, subject to equitable tolling principles. *See* 42 U.S.C. § 2000e-5(f)(1); *Fox v. Eaton Corp.*, 615 F.2d 716, 718 (6th Cir. 1980) ("Title VII time periods 'are jurisdictional in the sense that that phrase is used in relation to statutes of limitations and equitable principles should apply in circumstances which warrant their application.'" (quoting *Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979))); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Although August 28, 2012 is 90 days after May 30, 2012 when the "right to sue" letter was mailed, the Sixth Circuit recognizes a presumption that the mailing date is five-days

the Defendant by allowing this amendment, as the Defendant was already on notice of claims against their alleged retaliatory conduct.³ *See Cmty. Health Sys.*, 501 F.3d at 516-17 (asking "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading" (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006))).

Similarly, Plaintiff's claims regarding Defendant's drug testing policies were either set out or attempted to be set out in Plaintiff's original Complaint. Fed. R. Civ. P. 15(c)(B); (ECF Nos. 1; 21 at 6). Further, Plaintiff has exhausted his administrative remedies regarding the Defendant's conduct. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 198 (1973) ("The Act does not restrict a complainant's right to sue to those charges as to which the Commission has made findings of reasonable cause . . . ."). Plaintiff's original Complaint states that "allegations were not added to the EEOC charge because the EEOC representative would not put it on [sic] the charge, [as] it was out of their jurisdiction." (ECF No. 1 at 3). The Court finds that all of Plaintiff's additional facts support his original retaliation claim; therefore, there are no new claims requiring an exhaustion of administrative remedies.

---

before the date of notice. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) ("[T]he ninety-day limitations term begins running[] on the fifth day following the EEOC's mailing . . . ."); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987) ("[T]here is a presumption that mail is received by the addressee and the ninety day time limit begins to run five days after the EEOC Notice of Right to Sue is mailed."); *see also* (ECF No. 1-1 at 2) (showing the mailing date as May 30, 2012). Therefore, the statute of limitations allowed for Plaintiff to file his original Complaint any time before and on September 2, 2012.

³ Moreover, the Defendant has filed no objections to allowing Plaintiff to amend his Complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court rejects the Magistrate Judge's Report and Recommendation and GRANTS Plaintiff's Request to Amend Civil Complaint.

**IT IS SO ORDERED** on this 22nd day of October, 2014.

<u>**s/John T. Fowlkes, Jr.**</u>
John T. Fowlkes, Jr.
United States District Judge
